J-S13005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER JOSEPH GAMINO, | |
| Appellant | No. 184 WDA 2018 |

Appeal from the PCRA Order Entered January 25, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000568-2009

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 03, 2019**

Appellant, Alexander Joseph Gamino, appeals *pro se* from the post-conviction court's January 25, 2018 order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. The PCRA court summarized the procedural history of his case, as follows:

> On November 23, 2009, [Appellant] pled guilty to the following offenses at CR. No. 568-2009: Count Two - Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(7), a felony of the third degree; Count Three - Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(7), a felony of the third degree; and Count Four - Indecent Assault, in violation of 18 Pa.C.S.[] § 3126(a)(8), a misdemeanor of the third degree. On April 20, 2010, [Appellant] was sentenced to an aggregate imprisonment term at CR. No.

_____

[*] Retired Senior Judge assigned to the Superior Court.

568-2009 of forty-three and a half (43½) months to one hundred ninety-two (192) months.

On November 11, 2009, this [c]ourt ordered the Sexual Offenders Assessment Board to conduct an assessment to determine whether [Appellant] should be classified as a sexually violent predator [(SVP)] because of the nature of his convictions at CR. No. 568-2009. On April 20, 2010, this [c]ourt held a hearing and issued Findings of Fact, specifically declaring that, by clear and convincing evidence, [Appellant] in the instant matter is a sexually violent predator.

\*\*\*

[Appellant] filed a [PCRA] [p]etition … on September 22, 2017. This [c]ourt appointed [counsel] … on September 28, 2017. On October 20, 2017, PCRA [c]ounsel filed with this [c]ourt a **Turner/Finley**[1] No-Merit Letter/Brief and a Motion to Withdraw. On November 1, 2017, this [c]ourt granted PCRA [c]ounsel's Motion to Withdraw and issued a [Pa.R.Crim.P.] 907 Order informing [Appellant] of [the court's] intention to dismiss his PCRA [p]etition. Having not received any response from [Appellant], this [c]ourt issued an [o]rder on January 10, 2018[,] dismissing [Appellant's] PCRA [p]etition and informing him of his appellate rights pursuant to Pa.R.A.P. 903.

> [1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. [] 1988) [(*en banc*)].

On January 30, 2018, [Appellant] filed his appeal of our [o]rder denying his PCRA [p]etition dated January 10, 2018. [Appellant] filed [a] … [c]oncise [s]tatement on February 26, 2018[,] … present[ing] one (1) issue on appeal:

1. Whether PCRA [c]ounsel was ineffective for advising Appellant that he does not qualify [for] **Muniz's**[1] rational[e] and advising Appellant that he would need to

---

[1] **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that the registration provisions of the Sexual Offenders Notification Act (SORNA) are punitive, and retroactive application of those provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution).

- 2 -

register under Megan's Law III after it has been decided by the ***Muniz*** Court that it expired?

[Appellant's] Concise Statement of Matters Complained of on Appeal[, 2/26/18, at 1 (unnumbered).]

PCRA Court Opinion (PCO), 3/13/18, at 1-3.

Initially, we note that Appellant fails to set forth a Statement of the Questions Involved in his appellate brief as required by Pa.R.A.P. 2116(a). However, based on the Argument section of his brief, we discern that Appellant is alleging that SORNA is being retroactively applied to him in violation of ***Muniz***, that his SVP designation is invalid pursuant to ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) (concluding that SORNA's SVP provision, which requires the trial court to determine if an individual is an SVP based on clear and convincing evidence, is unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013)), and that recent amendments to SORNA did not correct its punitive nature, thus, the amended statute still cannot be retroactively applied to him.[2] Because we

_____

[2] Following ***Muniz*** and ***Butler***, the General Assembly passed Acts 10 and 29 of 2018 to cure SORNA's constitutional defects. ***See*** 42 Pa.C.S. § 9799.51(b)(4) (stating that "it is the intention of the General Assembly to address [***Muniz*** and ***Butler***]"). Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date (December 20, 2012). Moreover, the General Assembly added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth registration requirements that apply to all offenders convicted of committing offenses on or after the effective date of Megan's Law I (April 22, 1996), but prior to SORNA's effective date (December 20, 2012), whose period of registration has not expired, as well as those offenders required to register under a former sexual offender registration law of this Commonwealth on or after April 22,

can discern what issues Appellant is raising herein, we will overlook his error of not including a Statement of the Questions Involved section in his brief.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

1996, but before December 20, 2012, whose period of registration has not expired. Our Supreme Court recently granted review to determine the issue of whether Acts 10 and 29 are constitutional. *See Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

Here, Appellant's judgment of sentence became final on May 20, 2010, at the expiration of the 30-day period for filing an appeal with this Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Thus, he had until May 20, 2011, to file a timely petition, making his present petition filed in September of 2017 patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

---

[3] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant fails to meet this burden. First, he offers no argument that his petition meets any of the above-stated exceptions. Moreover, the only claim he preserved in his Rule 1925(b) statement is that his PCRA counsel acted ineffectively. This argument, on its face, does not satisfy any timeliness exception. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted). In any event, as the PCRA court notes, Appellant waived his ineffectiveness claim by not raising it in response to the court's Rule 907 notice or counsel's petition to withdraw. *See* PCO at 3-4 (citing *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009); *Commonwealth v. Henkel*, 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*)).

We also observe that Appellant's reliance on *Muniz* and *Butler* does not meet any timeliness exception. As this Court recently explained:

> We acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the] [a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul–Salaam,* [812 A.2d 497 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, [the] [a]ppellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018) (emphasis in original). Additionally, *Butler* cannot be used to satisfy section

9545(b)(1)(iii) because it is a decision by this Court (not our Supreme Court or the United States Supreme Court), the **Butler** panel did not recognize a new constitutional right (but merely applied the right announced in **Alleyne**), and our Supreme Court has not held that **Butler** applies retroactively.

Accordingly, Appellant has failed to demonstrate the applicability of any of the above-stated timeliness exceptions.  Thus, we lack jurisdiction to review the arguments he asserts herein and we affirm the order denying his petition.[4]

Order affirmed.

---

[4] We note that the PCRA court did not assess the timeliness of Appellant's petition, and rejected his ineffectiveness claim on different grounds. Specifically, the court first found his ineffectiveness claim waived, as mentioned *supra*, and it alternatively concluded that his underlying claim - that SORNA is being unconstitutionally applied to him - lacks arguable merit at this time.  **See** PCO at 5.  The court reasoned that Appellant's registration requirements were imposed under Megan's Law III, and "we cannot assume that upon release from his term of imprisonment he will be subjected to the enhanced registration requirements under SORNA."  **Id.**  Thus, the court concluded that "**Muniz** will only apply to [Appellant] … if, upon his release from prison, [he] is subjected to the retroactive application of SORNA by the Pennsylvania State Police instead of the statute that was in effect at the time of his sentencing, Megan's Law III."  **Id.** (footnote omitted).  We do not address the merits of the PCRA court's analysis, as Appellant's petition is patently untimely, and "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis."  **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/3/2019</u>